UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ROBERT E. MACLAREN,

                Petitioner,

-against-                              9:21-CV-0834 (LEK)

N/A,

                Respondent.

## DECISION AND ORDER

**I.    INTRODUCTION**

Petitioner Robert MacLaren seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1 ("Petition").[1] Petitioner also remitted the statutory filing fee. Dkt. Entry Dated 07/12/21 (identifying the receipt information for the filing fee transaction).

For the reasons that follow, Petitioner is directed to file an affirmation addressing the issues discussed herein.

**II.    BACKGROUND**

Petitioner challenges a 2015 conviction, apparently from the City of Norwich, upon a jury verdict. Pet. at 1. Petitioner fails to identify the crimes for which he was convicted; however, he was sentenced to "fines and incarceration in county jail (120 days)." <u>Id.</u> at 3. Petitioner indicates that he filed an appeal with County Court Judge Revoir which was denied on June 25, 2019. <u>Id.</u> at 1.

---

[1] This action was initially brought in the Western District of New York; however, on July 22, 2021, it was transferred to this District. Dkt. No. 2 ("Transfer Order"); Dkt. No. 3.

Petitioner argues that he is entitled to federal habeas relief because (1) the victim and principal witness for the prosecution committed perjury on the stand; (2) there was prosecutorial misconduct since the People knew that the witness was providing false statements; and (3) his conviction was supported by insufficient evidence. Id. at 2. For a complete statement of Petitioner's claims, reference is made to the petition.

### III.  DISCUSSION

"In order for a federal court to have jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed." Vega v. Schneiderman, 861 F.3d 72, 74 (2d Cir. 2017) (citing 28 U.S.C. § 2254(a)); see also Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (per curiam); Nowakowski v. New York, 835 F.3d 210, 215 (2d Cir. 2016). This statutory language represents a jurisdictional prerequisite and has been interpreted to require that a petitioner be "in custody" under the conviction or sentence under attack at the time the petition is filed. Maleng, 490 U.S. at 490–91; Bomasuto v. Perlman, 680 F. Supp. 2d 449, 455–56 (W.D.N.Y. 2010). The circuit courts "have recognized that a variety of nonconfinement restraints on liberty satisfy the custodial requirement." Nowakowski, 835 F.3d at 216 (concluding that petitioner's sentence of a one-year conditional discharge and that he complete one day of community service by a specific date, as well as an order that he appear in criminal court upon completion of service, satisfied custody requirement). However, "penalties that do not impose a severe restraint on individual liberty or the imminent threat of such a restraint do not satisfy the 'in custody' requirement." Vega, 861 F.3d at 74.

Here, Petitioner indicates that he was confined in the Delaware County Correctional Facility at the time his Petition was signed. Pet. at 1. Further, Petitioner indicates that his

sentence of incarceration, which was pronounced in 2015, was 120 days. Id. at 3. Accordingly, it would appear as if Petitioner had been released from custody on this conviction years before the instant petition was filed on July 9, 2021. If Petitioner cannot meet the "in custody" requirement, the Court will lack jurisdiction over his habeas petition. See, e.g., Triestman v. Schneiderman, No. 16-CV-1079, 2016 WL 6110489, at *2–4 (N.D.N.Y. Sept. 20, 2016) (concluding, upon initial review, that habeas petitioner was not "in custody" for purposes of his petition, and recommending dismissal of the petition), adopted, 2016 WL 6106467, at *3 (N.D.N.Y. Oct. 19, 2016).

Thus, Petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains how he meets the statutory "in custody" requirement. The affirmation shall not exceed fifteen (15) pages in length. If Petitioner fails to comply with this order, this petition shall be dismissed.

**IV.  CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining how he meets the statutory "in custody" requirement. The affirmation shall not exceed fifteen (15) pages in length. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED**, that upon Petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the Court for review; and it is further

**ORDERED**, that if Petitioner fails to submit the required affirmation, this petition shall be dismissed with no further order from the Court; and it is further;

**ORDERED**, that the Clerk is directed to serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     July 28, 2021
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge