UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT E. MACLAREN,

                Petitioner,

   -against-                                        9:21-CV-0834 (LEK)

N/A,

                Respondent.

**DECISION AND ORDER**

Petitioner Robert MacLaren seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1 ("Petition").[1] Petitioner also remitted the statutory filing fee. Dkt. Entry Dated 07/14/21 (identifying the receipt information for the filing fee transaction).

On July 27, 2021, the Court directed Petitioner to file an affirmation explaining how he met the statutory "in custody" requirement. Dkt. No. 4 ("July Order"). In compliance with the July Order, Petitioner timely filed said affirmation. Dkt. No. 5 ("Affirmation").

In his Affirmation, Petitioner argues that his legal research "indicated that this [2241 petition] is the correct procedure to take when perjury has been committed at trial." Id. at 1. Specifically, "the custody requirement is met when the city trial, county, and state court impliedly threaten[] further incarceration based upon the states [sic] key witness/complainant's perjury by omission of facts [w]ith their sole intent to obstruct truth and justice." Id.

Here, Petitioner fails to discuss his express representation that he was not confined when he signed his petition. Pet. at 1. Moreover, Petitioner does not explain how the Court's

---

[1] This action was initially brought in the Western District of New York; however, on July 22, 2021, it was transferred to this District. Dkt. No. 2 ("Transfer Order"); Dkt. No. 3.

calculation, that Petitioner was released from custody years before his petition was filed, was in error. July Order at 2–3. Instead, Petitioner proffers conclusory assertions about his own legal research, for which Petitioner has failed to provide any citations and which is in direct conflict with the Court's own findings. Aff. at 1. Petitioner continues to rely on arguments for things which happened during his trial, namely allegations of perjury. Id.

However, as explained in the July Order, without being in custody at the time the petition was filed, per the plain language of the law, the Court has no power to evaluate those claims. July Order at 2–3 (citing Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (per curiam) (explaining that the statutory language of section 2241 has been interpreted to require that a petitioner be "in custody" under the conviction or sentence under attack at the time the petition is filed)). Accordingly, Petitioner's Affirmation has failed to establish how he was in custody at the time that his Petition was filed. Therefore, the Petition must be dismissed. July Order at 3 (citing Triestman v. Schneiderman, No. 16-CV-1079, 2016 WL 6110489, at *2–4 (N.D.N.Y. Sept. 20, 2016) (concluding, upon initial review, that habeas petitioner was not "in custody" for purposes of his petition, and recommending dismissal of the petition), adopted, 2016 WL 6106467, at *3 (N.D.N.Y. Oct. 19, 2016)).

Accordingly, it is hereby:

**ORDERED** that the Petition, Dkt. No. 1, is **DISMISSED** for lack of subject matter jurisdiction**;** and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall be issued because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[2] and it is further

**ORDERED** that any further request for a Certificate of Appealability must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 24, 2021
         Albany, New York

LAWRENCE E. KAHN
United States District Judge

---

[2] Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); see Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007) (holding that if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (emphasis in original)).